UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION-- LEXINGTON

| | |
|---|---|
| **DANNY O. HALL,**      **Plaintiff,**  **V.**  **UNIVERSITY OF KENTUCKY, et al.,**      **Defendants.** | **CIVIL ACTION NO. 15-cv-349-KKC**  **MEMORANDUM OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant University of Kentucky Hospital's Motion to Dismiss (DE 12) and Plaintiff's motion to appoint counsel (DE 14).

Plaintiff Danny Hall, who is currently incarcerated at USP Canaan, Waymart, Pennsylvania, has filed a *pro se* civil complaint alleging state law medical malpractice claims. (DE 1.) On December 15, 2015, this Court granted Danny Hall's motion to proceed *in forma pauperis*. (DE 5.) Because Hall was granted pauper status pursuant to 28 U.S.C. § 1915(a)(1), the Lexington Clerk's Office was directed to issue summons for the named defendants, and the United States Marshals Service ("USMS") for the Eastern District of Kentucky was directed to serve the named defendants with the summons and complaint on Hall's behalf.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, the USMS returned service for Dr. Charles Campbell unexecuted because the address provided by Plaintiff was Dr. Campbell's prior place of employment, the University of Kentucky Hospital. Since Dr. Campbell is no longer employed by the University, Plaintiff has not provided an address at which the USMS can serve this Defendant. The USMS cannot be expected to effectuate service on a defendant lacking any information regarding that defendant's current address or whereabouts. *See Stoutamire v. Joseph*, No. 1:11-CV-242, 2012 WL 6611441, at \*3 (S.D. Ohio Dec. 19, 2012). It is the plaintiff's responsibility to provide proper addresses of the defendants for service of process on them. *See Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007); *Byrd v.*

*Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Spencer v. Bynum*, No. 2:13-CV-13056, 2013 WL 4041870, at *3 (E.D. Mich. Aug. 8, 2013); *Stevenson v. Michigan Dept. of Corrections*, No. 1:07-CV-213, 2008 WL 623783, at *13 (W.D. Mich. Mar. 4, 2008). Further, a district court is not obligated "to actively seek out the address of a defendant so that service can be effectuated" upon him or her. *Fitts*, 232 F. App'x at 444.

Dr. Campbell's co-defendant, the University of Kentucky Hospital, was properly served. The University subsequently filed a motion to dismiss for failure to state a claim on January 29, 2016. (DE 12.) Pursuant to Local Rule 7.1(c), Plaintiff's failure to respond within twenty-one (21) days provided this Court grounds for granting the motion. However, Plaintiff has since notified the Court that he was placed in solitary confinement during this period. (DE 14.) Consequently, this Court is persuaded that an extension of time for Plaintiff to file his response is warranted.

Plaintiff will be given through and including March 23, 2016, in which to provide a current address for Dr. Campbell, at which the USMS can effectuate service of process in accordance with Federal Rule of Civil Procedure 4. Plaintiff's failure to comply with this
Order will result in the dismissal of his claims against Dr. Campbell. *See Bailey v. Day*, No. 7:12-CV-137-ART (E.D. Ky. 2012) [DE 20, therein] (dismissing claims against the defendant where the prisoner-plaintiff was unable to provide a current address at which the defendant could be served). The deadline for Plaintiff's response to the University of Kentucky Hospital's motion to dismiss (DE 12) will likewise be extended until March 23, 2016.

Finally, Plaintiff's most recent correspondence requests appointment of counsel. (DE 14.) This Court is permitted in exceptional circumstances to appoint counsel to represent a pro se party in civil litigation. 28 U.S.C. § 1915(e)(1); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The Court is not, however, provided with the funds to pay appointed counsel for his or her services in a civil matter. Further, the Court has considered the complexity of the case, *Lavado v. Keohane*, 992

F.2d 601, 605–06 (6th Cir. 1993), the ability of the Plaintiff to represent himself competently, *Lanier*, 332 F.3d at 1006, and his likelihood of success on the merits of the claim. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009). The Court finds that that this case is not an exceptional one warranting the appointment of counsel to represent the Plaintiff. For these reasons, the Court will deny the Plaintiff's motion to appoint counsel.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff Danny Hall is given through and including March 23, 2016, to provide a current address for Defendant Charles Campbell to allow the USMS to effectuate service of process. If Plaintiff fails to provide a current address for Dr. Campbell, absent good cause shown, his claims against that defendant will be dismissed without prejudice.

2. The deadline for Plaintiff's response to the University of Kentucky Hospital's motion to dismiss (DE 12) shall be **extended until March 23, 2016**. Plaintiff is advised that failure to respond on or before March 23 will provide grounds for dismissal of his claims against the University of Kentucky Hospital.

3. Plaintiff's motion to appoint counsel (DE 14) is **DENIED**.

Dated March 1, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY