UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **DANNY O. HALL,** | **CIVIL ACTION NO. 15-cv-349-KKC** |
| Plaintiff, | |
| V. | **MEMORANDUM OPINION & ORDER** |
| **UNIVERSITY OF KENTUCKY, et al.,** | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff's motion for an extension of time to provide Defendant Charles Campbell's address for service (DE 16).

Plaintiff Danny Hall, who is currently incarcerated at USP Canaan, Waymart, Pennsylvania, filed a *pro se* civil complaint alleging state law medical malpractice claims. (DE 1.) On December 15, 2015, this Court granted Danny Hall's motion to proceed *in forma pauperis*. (DE 5.) Because Hall was granted pauper status pursuant to 28 U.S.C. § 1915(a)(1), the Lexington Clerk's Office was directed to issue summons for the named defendants, and the United States Marshals Service ("USMS") for the Eastern District of Kentucky was directed to serve the named defendants with the summons and complaint on Hall's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, the USMS returned service for Dr. Charles Campbell unexecuted because the address provided by Plaintiff was Dr. Campbell's prior place of employment, the University of Kentucky Hospital. Since Dr. Campbell is no longer employed by the University, Plaintiff has not provided an address at which the USMS can serve this Defendant. The USMS cannot be expected to effectuate service on a defendant lacking any information regarding that defendant's current address or whereabouts. *See Stoutamire v. Joseph*, No. 1:11-CV-

242, 2012 WL 6611441, at *3 (S.D. Ohio Dec. 19, 2012). It is the plaintiff's responsibility to provide proper addresses of the defendants for service of process on them. *See Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Spencer v. Bynum*, No. 2:13-CV-13056, 2013 WL 4041870, at *3 (E.D. Mich. Aug. 8, 2013); *Stevenson v. Michigan Dept. of Corrections*, No. 1:07-CV-213, 2008 WL 623783, at *13 (W.D. Mich. Mar. 4, 2008). Further, a district court is not obligated "to actively seek out the address of a defendant so that service can be effectuated" upon him or her. *Fitts*, 232 F. App'x at 444.

Dr. Campbell's co-defendant, the University of Kentucky Hospital, was properly served. The University subsequently filed a motion to dismiss for failure to state a claim on January 29, 2016. (DE 12.) Pursuant to Local Rule 7.1(c), Plaintiff's failure to respond within twenty-one (21) days provided this Court grounds for granting the motion. However, Plaintiff has notified the Court that he was placed in solitary confinement during this period. (DE 14.) Consequently, this Court awarded Plaintiff an extension until March 23, 2016, to file both his response and provide Defendant's address

On March 11, 2016, Plaintiff filed a motion for an additional extension. Plaintiff again cites his placement in solitary confinement and further alleges the prison lost his "legal papers." Plaintiff initiated this action, and it is up to him to be prepared to go forward with it. Prisoners are guaranteed certain rights and if Plaintiff is claiming his right to pursue this action is being improperly denied, the Bureau of Prisons has channels through which he may pursue such a violation. However, this Court cannot ignore procedural requirements indefinitely, or force the Defendants in this case to remain parties to pending litigation for as long as Plaintiff desires. Plaintiff will be given one final extension to provide the address for Defendant Charles Campbell and to respond to the University of

2

Kentucky Medical Center's motion to dismiss. If Defendant cannot comply with this time limit, absent good cause shown, this action will be dismissed.

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff Danny Hall is given through and including April 25, 2016, to provide a current address for Defendant Charles Campbell to allow the USMS to effectuate service of process. If Plaintiff fails to provide a current address for Dr. Campbell, absent good cause shown, his claims against that defendant will be dismissed without prejudice.

2. The deadline for Plaintiff's response to the University of Kentucky Hospital's motion to dismiss (DE 12) shall be **extended until April 25, 2016**. Plaintiff is advised that failure to respond on or before April 25, 2016 will provide grounds for dismissal of his claims against the University of Kentucky Hospital.

Dated March 29, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY