**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION -- LEXINGTON**

| | |
|---|---|
| **DANNY O. HALL,** | **CIVIL ACTION NO. 15-cv-349-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION & ORDER** |
| **UNIVERSITY OF KENTUCKY HOSPITAL, et al.,** | |
| **Defendants.** | |

Plaintiff Danny Hall, who is currently incarcerated at USP Canaan, Waymart, Pennsylvania, has filed a *pro se* civil complaint alleging state law medical malpractice claims. (DE 1.) The University of Kentucky Hospital ("UK Hospital") filed a motion to dismiss for failure to state a claim on January 29, 2016. (DE 12.) With its motion, UK Hospital represents that it is "an arm of the University of the Kentucky, which is an arm of the Commonwealth of Kentucky[,]"and thus, it is immune from suit under the Eleventh Amendment. (DE 12-1 at 2.) Because this Court agrees, UK Hospital's motion will be granted.

The Eleventh Amendment provides that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI. "The Supreme Court has held that the Eleventh Amendment prohibits federal courts form entertaining suits by private parties against the states." *Stigall v. Univ. of Kentucky Hosp.*, 2009 WL 3739385, at *2 (E.D. Ky. Nov. 6, 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). The Eleventh Amendment's grant of immunity "is far-reaching and bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state,

foreigners, or its own citizens." *Lanier v. Kentucky Com'n on Human Rights*, 2007 WL 2407274, at *2 (W.D. Ky. Aug. 20, 2007). Kentucky's public universities are state agencies and are protected under the Eleventh Amendment. *Jackson v. Murray States Univ.*, 834 F.Supp.2d 609, 613 (W.D. Ky. 2011); *see Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (holding that the University of Kentucky is an "arm of the state under state law . . . ."). This immunity extends to those arms of the University that perform functions integral to its statutory mandate. *See* KRS § 164.125(1)(c) ("The University of Kentucky shall provide . . . doctoral and post-doctoral programs and professional instruction including law, medicine, dentistry, education, architecture, engineering, and social professions."). UK Hospital performs just such an integral function and, thus, it is entitled to sovereign immunity. *See Withers v. Univ. of Kentucky*, 939 S.W.2d 340, 342–45 (Ky. 1997) (holding sovereign immunity applicable to University of Kentucky Medical Center).

An individual may successfully sue a state for monetary relief under two circumstances. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). First, Congress may authorize suit under its power to enforce the Fourteenth Amendment, and second, a state may waive its sovereign immunity by consenting to suit. *Id.* Hall has provided no indication that either exception applies. (DE 18.)

Accordingly, **IT IS ORDERED** that Defendant University of Kentucky Hospital's motion to dismiss (DE 12) is **GRANTED**.

Dated May 11, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

2