UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| DANNY O. HALL, | CIVIL ACTION NO. 15-cv-349-KKC |
| Plaintiff, | |
| V. | OPINION & ORDER |
| UNIVERSITY OF KENTUCKY, et al., | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Danny Hall's motion for reconsideration. (DE 29.) Plaintiff, who is currently incarcerated at Coleman Federal Complex, Coleman, Florida, filed a *pro se* civil complaint alleging state law medical malpractice claims. (DE 1; DE 29-1.)  On December 15, 2015, this Court granted Hall's motion to proceed *in forma pauperis*. (DE 5.) Because Hall was granted pauper status pursuant to 28 U.S.C. § 1915(a)(1), the Lexington Clerk's Office was directed to issue summons for the named defendants, and the United States Marshals Service ("USMS") for the Eastern District of Kentucky was directed to serve the named defendants with the summons and complaint on Hall's behalf.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Plaintiff received two extensions to provide an address to serve Defendant Dr. Charles Campbell after an initially unsuccessful attempt to serve him. (DE 15; DE 17.) The Clerk of Court received an address from Plaintiff on April 28, 2016, and a service packet was issued the same day. (DE 20–21.) Service was again returned unexecuted. (DE 25.) The April 25, 2016, deadline established by this Court's last order granting an extension has elapsed without Plaintiff providing a current address for Defendant Dr. Charles Campbell. (DE 17.) Furthermore, the only Defendant that was properly served, University of

Kentucky Hospital, was dismissed from this action. (DE 22.) Accordingly, this Court entered an order dismissing this action without prejudice on June 22, 2016. (DE 28.)

Plaintiff now moves for reconsideration, alleging that dismissal was improper because he cannot locate a proper address for Defendant Campbell due to his incarceration. (DE 29 at 1.) Plaintiff further avers that service could and should be effectuated via an order directing the USMS "to use all resources at [ ] its' disposal to locate the defendant Dr. Charles Campbell[.]" However, as this Court's prior orders have made clear, a district court is not obligated "to actively seek out the address of a defendant so that service can be effectuated" upon him or her. *Fitts v. Sicker*, 232 F. App'x 436, 444 (6th Cir. 2007). Plaintiff is free to refile his claims against Defendant Campbell after he is able to secure Dr. Campbell's current address. Until that time, Defendant Campbell cannot be served and, thus, Plaintiff cannot proceed with his action.

Accordingly, **IT IS ORDERED** that Plaintiff's motion for reconsideration (DE 29) is **DENIED**.

Dated July 21, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY